UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GONZALEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WALMART SUPER CENTER 5023,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:25-cv-02131-LL-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 7]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for January 14, 2026. ECF No. 7.

Parties seeking to continue an ENE must demonstrate good cause. FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); *see* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); ECF No. 3 at 6 (same). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Olvera v. Citibank, N.A.*, No. 3:25-cv-789-H-AHG, 2025 U.S. Dist. LEXIS 117769, at *2, *4–*5 (S.D. Cal. June 19, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)); *see also Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025).

The ENE and CMC in this case were originally set for November 12, 2025. ECF No. 3. The Court granted the parties' first request for continuance, resetting the conferences for January 14, 2026. ECF No. 5. The parties presently seek a second continuance of the ENE and CMC, this time requesting a 60-day extension. ECF No. 7. The parties represent to the Court that Plaintiff retained new counsel on November 20, 2025, who still has yet to receive the full case file from the previous counsel, despite multiple requests. *Id*. at 2; *see id*. (explaining that he only has received an incomplete, "extremely disorganized paper version" of the case file). Plaintiff's current counsel explains that, since he has "not received information and documents necessary to meaningfully prepare for the ENE," he seeks a 60-day continuance to "review the file, prepare the client, and evaluate the case." *Id*. at 4.

While the Court will ultimately find good cause for a slight continuance due to Plaintiff's new counsel's recent substitution, the Court does not find good cause for such a lengthy, 60-day continuance. The Court is not persuaded that the parties "act[ed] diligently to meet the original deadlines set forth by the court." *Merck*, 2018 WL 4492362, at *2. First, the deadline for the parties to meet and confer pursuant to Rule 26(f) was

1  December 1, 2025. ECF No. 5 at 4. Yet the parties make no mention of complying that
2  deadline in their motion. *See* ECF No. 7 at 2 ("While counsel for the parties have been in
3  communication, they have been unable to substantively discuss the details of the case");
4  *see also* Email to Chambers (Dec. 17, 2025, at 7:04 AM) (parties' proposed order with list
5  of items they seek to be continued, including the Rule 26(f) conference). Second, by filing
6  the motion <u>fifteen days after</u>[1] the December 1, 2025, meet and confer deadline; <u>one day
7  before</u> the December 17, 2025, Joint Case Management Statement Deadline; and <u>two days
8  before</u> the December 18, 2025, deadline to serve the first round of written discovery, the
9  parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll
10 requests for continuances must be made by a joint motion <u>no less than seven calendar days
11 before</u> the affected date") (emphasis added). When new counsel was retained on
12 November 20, 2025, he would have been aware that he may be unable to comply with the
13 December 1, 2025, meet and confer deadline, and should have sought relief at that time.
14 Third, the Court notes that the parties do not provide specific details regarding what they
15 plan to use an additional 60 days to accomplish—i.e., why 60 days is needed as opposed
16 to, for example, 30 days. Generic requests to "develop a more complete understanding of
17 Plaintiff's future treatment needs," without a specific plan to obtain additional medical
18 records or a firm date for a scheduled follow-up with a physician, do not provide the Court
19 with enough information to support such a departure from the Local Rules. *See, e.g.*, CivLR
20 16.1(c) (requiring that an ENE take place within 45 days of the filing of the first answer);
21 ECF No. 2 (answer filed in federal court on October 17, 2025).

   Upon consideration of the foregoing, the Court **GRANTS IN PART** and **DENIES
   IN PART** the parties' joint motion as follows:

---

[1] The Court recognizes that Plaintiff emailed the Court with a continuance request on December 15, 2025. Email to Chambers (Dec. 15, 2025, at 12:29 PM). Even if the email had complied with the Court's requirement that a joint motion be filed on the docket, the request would still be untimely.

1. The ENE and CMC scheduled for January 14, 2026, are **RESET** for **February 24, 2026** at **2:00 p.m.** before the Honorable Allison H. Goddard *via videoconference*.

2. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

3. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

4. No later than **February 4, 2026**, the parties must each serve their first round of written discovery.

5. No later than **February 11, 2026**, counsel for the parties must meet and confer in person, via videoconference, or by phone regarding settlement.

6. **Confidential ENE Statements Required:** No later than **February 18, 2026**, the parties shall submit confidential statements directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less. There is not a page limit on exhibits.** Each party's ENE statement must outline:

      A.    confirmation of the date written discovery was served (*see* ¶ 4),

      B.    confirmation of the date that counsel met and conferred regarding settlement (*see* ¶ 5),

      C.    the nature of the case and the claims,

      D.    position on liability or defense,

      E.    position regarding settlement of the case with a **specific**[2] **demand/offer for settlement**,[3] and

      F.    any previous settlement negotiations or mediation efforts.

The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of such tools by advising the Court's law clerk of that objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

7. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a CMC pursuant to Fed. R. Civ. P. 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

      A.    The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **February 6, 2026**.

      B.    The parties must file a Joint Case Management Statement by **February 17, 2026**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement

---

[2] A general statement, such as that a party "will negotiate in good faith," is not a specific demand or offer.

[3] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at:

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

C. Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **February 20, 2026**.

8. **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

A. The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[5] There is a cost-free option for creating a Zoom account.

B. Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged

---

[4] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[5] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

  C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 2:00 p.m.

  D. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

  E. No later than **February 18, 2026**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

   i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

   ii. An **e-mail address for each participant** to receive the Zoom videoconference invitation;

   iii. A **telephone number where each participant** may be reached; and

---

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

        iv.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

    F.    All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

    G.    Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

    H.    If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

9.    **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

10.    Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  December 17, 2025

                                                _____
Honorable Allison H. Goddard
United States Magistrate Judge